IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Adil Bhaghani,** <br>     **Plaintiff,** <br><br> v. <br><br> **Round Table Medical Consultants, LLC;** <br> **Signature Staffing Company, LLC;** <br> **Hashibul Hannan, MD; Kanti Bansal, MD;** <br> **and Aaron Braun, MD,** <br>     **Defendants.** | Civil Action <br> File No. <br><br> Jury Demanded |

**PLAINTIFF'S ORIGINAL COMPLAINT**

NOW COMES PLAINTIFF, Adil Bhaghani, and complains of Defendants Round Table Medical Consultants, LLC; Signature Staffing Company, LLC; Hashibul Hannan, MD; Kanti Bansal, MD; and Aaron Braun, MD (collectively, the "Defendants"), and for cause of action would respectfully show the Honorable Court as follows:

**I.
INTRODUCTION**

1. Adil Bhaghani ("Mr. Bhaghani" or "Plaintiff") brings this action against the Defendants to recover unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Mr. Bhaghani sues additionally for wages he earned during the last three months of his employment under the parties' contract.

2. The Defendants own freestanding medical emergency room clinics in Texas, operating as "SignatureCare Emergency Center", with locations in Houston, Mission Bend, Sugar Land, Stafford, Bryan/College Station, Austin, Killeen, Paris, Texarkana, Odessa, Midland and Lewisville. Defendants' emergency rooms ("ER Clinics").

1

3. The individual Defendants – Hashibul Hannan, MD, Kanti Bansal, MD and Aaron Braun, MD – are the founders and ultimate decision makers of the ER Clinics.

4. Mr. Bhaghani worked for the Defendants as a call center employee. He sues the Defendants for substantial amounts of unpaid overtime wages and additional unpaid wages per the parties' contract.

5. Plaintiff seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and pre-judgment and post-judgment interest for Defendants' willful failure to pay wages Mr. Bhaghani earned during his employment with the Defendants.

## II.
## JURISDICTION AND VENUE

6. Among other causes of action, Mr. Bhaghani sues to recover unpaid overtime wages from Defendants under the FLSA, a federal statute.

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367. The Court has supplemental jurisdiction over all pendant state law claims pursuant to 28 U.S.C. §1367.

8. The Court has personal jurisdiction because each Defendant is a resident of Texas, and because each Defendant routinely conducts business in the Southern District of Texas sufficient to constitute minimum contacts with the state and this district.

9. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
## PARTIES

10. Plaintiff, **Adil Bhaghani**, is a resident of Fort Bend County, Texas.

11. Defendant, **Round Table Medical Consultants, LLC**, is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Flaurent Fotso, at 11490 Westheimer Road, Suite 1000, Houston, Texas 77077, or at any other address where he may be found. This Defendant is engaged in

interstate commerce or in the production of goods for interstate commerce.

12. Defendant, **Signature Staffing Company, LLC** ("SSC, LLC"), is a validly existing Texas limited liability company that may be served with summons and complaint by serving its duly appointed registered agent, Mr. Flaurent Fotso, at 11490 Westheimer Road, Suite 1000, Houston, Texas 77077, or at any other address where he may be found. This Defendant is engaged in interstate commerce or in the production of goods for interstate commerce.

13. Defendant, **Hashibul Hannan, MD,** is an individual who may be served with summons and complaint at his place of business located at 11490 Westheimer Road, 8th Floor, Houston, Texas 77077, or at any other address where he may be found. With his involvement in the operation of a group of emergency rooms, this Defendant is engaged in interstate commerce.

14. Defendant, **Kanti Bansal, MD,** is an individual who may be served with summons and complaint at his place of business located at 11490 Westheimer Road, 8th Floor, Houston, Texas 77077, or at any other address where he may be found. With his involvement in the operation of a group of emergency rooms, this Defendant is engaged in interstate commerce.

15. Defendant, **Aaron Braun, MD,** is an individual who may be served with summons and complaint at his place of business located at 11490 Westheimer Road, 8th Floor, Houston, Texas 77077, or at any other address where he may be found. With his involvement in the operation of a group of emergency rooms, this Defendant is engaged in interstate commerce.

16. Whenever Plaintiff alleges a Defendant committed any act or omission, it is meant that such Defendant's managers, managing members, members, officers, directors, vice-principals, agents, servants, or employees committed the act or omission, and at the time committed, it was done with full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of said Defendant's managers, managing members, members, officers, directors, vice-principals, agents, servants, or employees.

17. At all material times, Defendants have been an 'enterprise' within the meaning of 29 U.S.C. § 203(r). The individual Defendants – Hashibul Hannan, MD; Kanti Bansal, MD; and Aaron Braun, MD – collectively own and operate the legal entity Defendants (Round Table Medical Consultants, LLC and Signature Staffing Company, LLC) and the subsidiaries owning and operating the ER Clinics.

## IV.
## ALLEGATIONS OF EMPLOYMENT RELATIONSHIP

18. For purposes of this action, the "relevant period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

19. During the relevant period, Defendants individually and collectively have been Plaintiff's 'employer' under 29 U.S.C. § 203(d), which the Supreme Court has recognized as "'the broadest definition that has ever been included in any one act.'" *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945) (quoting 81 CONG. REC. 7657).

20. Each Defendant, through its/his involvement in operating the aforementioned group of ER Clinics, has acted directly, or indirectly, in the interest of the employer with respect to the Plaintiff.

21. In the context of the FLSA, the term 'employer' also encompasses two or more joint employers, *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190 (5th Cir. 1983); *Hodgson v. Griffin & Brand of McAllen, Inc.,* 471 F.2d 235 (5th Cir. 1973), *cert. denied*, 414 U.S. 819 (1973), and is not limited by formalistic labels or common law notions of employment relationships. *Mednick v. Albert Enterprises, Inc*., 508 F.2d 297 (5th Cir. 1975).

22. In addition to each Defendant being an employer under the FLSA, Defendants collectively were Plaintiff's joint employer because they together acted, directly or indirectly, in the interest of the employer with respect to Plaintiff.

23. By being collectively involved in the operation of the ER Clinics, Defendants are an integrated enterprise.

24. At all material times, Plaintiff was Defendants' employee. *See*, 29 U.S.C. § 203(e).

## V.
## "ENTERPRISE" AND "INDIVIDUAL" COVERAGE ALLEGATIONS

25. Defendants were subject to the requirements of the FLSA because both enterprise and individual coverage existed during the relevant period.

26. Individual coverage exists because at all material times, Plaintiff was an employee engaged in interstate commerce or in the production of goods for interstate commerce. *See,* 29 U.S.C. §§ 206-207.

27. In dispensing his duties for the Defendants, Plaintiff was engaged in interstate commerce. 29 U.S.C. §207(a)(2)(C). Specifically, Plaintiff regularly utilized the instrumentalities of interstate commerce (i.e., telephone, internet, etc.), and regularly handled materials that have been moved across state lines (i.e., office supplies, office equipment, computers, etc.). Similarly, by their respective involvement in operating the ER Clinics, Plaintiff's employers facilitated interstate commerce.

28. Enterprise coverage under the FLSA exists because (1) Defendants had and have employees (including the Plaintiff) engaged in interstate commerce or in the production of goods for interstate commerce, and have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (2) during the relevant 3-year period, the annual gross volume of sales made or business done is not less than $500,000. *See,* 29 U.S.C. §203(s)(1)(A)(i)-(ii).

29. Defendants, as an enterprise, integrated employer and / or joint employer, meet the requirements of 29 U.S.C. § 203(s)(1)(A).

30. In the course of owning and operating the ER Clinics, Defendants' employees regularly utilize the instrumentalities of interstate commerce (i.e., mail, telephone, internet, banks, credit cards, etc.) and regularly handle materials that have been moved across state lines (i.e., medical equipment, medical supplies, cleaning supplies, chemicals, computers, etc.).

31. Defendants are an enterprise. 29 U.S.C. §203(r)(1). Defendants are collectively engaged in related activities that are performed under common control by the individual Defendants and their employees, for a common business purpose. The individual Defendants jointly own and operate the legal entity Defendants and the ER Clinics under a common scheme, doing business as "SignatureCare Emergency Center". The ER Clinics are uniformly operated under a common set of business policies and procedures.

32. Defendants are a joint employer. 29 C.F.R. §791.2(b). In particular, Defendants are not completely disassociated with respect to Plaintiff, as his employment at Defendants' call center benefitted and affected all of the ER Clinics. The ER Clinics are uniformly operated under a common set of business policies and procedures. Defendants were deemed to share control of Plaintiff's employment, directly or indirectly, by reason of the fact that Defendants' business is under common control and because of Plaintiff's particular duties that benefitted and affected all of the ER Clinics. 29 C.F.R. §791.2(b)(3).

## VI.
## FACTS

33. Mr. Bhaghani's employment with the Defendants began in May 2015, and ended on September 28, 2020.

34. During this time, Mr. Bhaghani worked for the Defendants as a call center employee, where calls from patients were received and routed to Defendants' ER Clinics. The call center also provided patients information about the ER Clinics and healthcare services offered in order to encourage the patients to utilize the ER Clinics over their competitors.

6

35. To fulfill the work duties determined by the Defendants, Mr. Bhaghani worked a significant amount of overtime during each workweek.

36. In addition to his base wage, Defendants agreed that Mr. Bhaghani would receive as his compensation $3.00 per patient for each patient routed to the ER Clinics from the call center.

37. Prior to June 2020, approval of the $3.00 per patient payment was performed on a daily basis via an audit of daily patient logs, which were then forwarded to Mr. Syed Ali, the executive assistant to Defendant Hannan. Mr. Ali verified the daily patient log, and shortly thereafter, Mr. Bhaghani received payment of these wages.

38. Prior to June 2020, before the Covid-19 pandemic significantly increased patient referrals from Defendants' call center, monthly patient count averaged between 1500 to 2000.

39. Starting in June 2020, the Defendants experienced a significant increase in patients seeking treatment and testing at the ER Clinics due to the pandemic.

40. In June 2020, in addition to his base pay, Mr. Bhaghani received $46,104.00, resulting from 15,368 patient referrals from the call center to the ER Clinics. Mr. Syed Ali checked and verified the June 2020 call center referral logs, and on August 14, 2020, Mr. Bhaghani received the $46,104.00 payment from the Defendants.

41. In July 2020, Mr. Bhaghani earned $134,235.00 as a result of 44,745 patients being referred from the call center to the ER Clinics. The July 2020 logs were audited and Mr. Bhaghani's earnings of $134,235.00 for the month were confirmed by the Defendants. However, despite the fact that Mr. Bhaghani earned $134,235.00, and despite that fact that the amount was audited and submitted for approval by Mr. Syed Ali, Defendants have refused to pay Mr. Bhaghani's July 2020 wages.

42. Mr. Bhaghani continued to work for the Defendants during August and during most of September 2020 (Plaintiff's last day of employment was September 28, 2020).

43. In August 2020, the call center received 28,215 calls from potential patients, and in September 2020, the call volume was 15,790.

44. The Defendants have refused to audit and approve call center patient referrals for August and September 2020, and have failed to pay Mr. Bhaghani the $3.00 per patient referral amount owed for these months under the parties' contract. Based on historical monthly averages, Mr. Bhaghani anticipates that 60% of the August 2020 and September 2020 calls, respectively, were converted to patients who received medical treatment at the ER Clinics.

45. Mr. Bhaghani is yet to receive his earned wages for July, August and September 2020, for which he now sues. Plaintiff also sues for unpaid overtime wages, and seeks liquidated damages on all unpaid wages.

## VII.
## CAUSES OF ACTION

### *Count 1 – Failure to pay overtime wages in violation of the FLSA*

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

47. Plaintiff is a non-exempt employee entitled to receive overtime wages under the FLSA for all hours he worked in excess of 40 during each seven-day workweek.

48. During his employment with the Defendants, Mr. Bhaghani routinely worked in excess of 40 hours a week. Defendants do not possess contemporaneous, complete and accurate records of the number of weekly hours Mr. Bhaghani worked during his employment.

49. Defendants did not pay Plaintiff his overtime compensation for the weekly hours he worked in excess of 40, for which he now sues pursuant to 29 U.S.C. §207.

50. Defendants knowingly and willfully failed to pay Plaintiff's overtime wages, and thereby evaded their legal obligations under 29 U.S.C. §201, *et seq*.

51. Plaintiff seeks back-pay equaling the unpaid overtime wages he earned while employed for the Defendants.

52. Mr. Bhaghani further seeks all unpaid non-overtime wages pursuant to 29 U.S.C. §206, which wages are substantial.

53. Plaintiff seeks liquidated damages on all wages pursuant to 29 U.S.C. §216(b).

54. Mr. Bhaghani seeks attorney's fees and costs under 29 U.S.C. §216(b), along with post-judgment interest at the highest rate allowed by law.

### *Count 2 – Breach of Contract*

55. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

56. In addition to his base pay, Defendants promised Plaintiff a wage of $3.00 per call center patient as discussed above.

57. During the course of his employment, Plaintiff routinely received such additional wages on a monthly basis.

58. However, for the months of July, August and September 2020, Defendants have failed to pay Mr. Bhaghani these wages.

59. Defendants have a contractual duty to compensate Mr. Bhaghani the wages he earned during July, August and September 2020, and by failing to pay Plaintiff, Defendants breached their contractual obligation to Plaintiff.

60. As a result of Defendants' breach, Mr. Bhaghani suffered monetary damages and is entitled to recover all unpaid wages and an additional equal amount as liquidated damages.

### *Count 3 – Conversion*

61. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

62. By failing to pay the wages owed to Mr. Bhagani, Defendants have unlawfully converted a significant sum for their own use at Plaintiff's detriment.

63. As a result of Defendants' unlawful conversion, Mr. Bhagani has suffered monetary damages and is entitled to recover all such unpaid wages, and an additional equal amount as liquidated damages.

### *Count 4 – Quantum Meruit*

64. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

65. By failing to pay all of Mr. Bhagani's wages, Defendants have denied Plaintiff the reasonable value of the services he performed, and Plaintiff has thus suffered monetary damages exceeding $250,000.

66. In addition to the reasonable value of the services he performed, Mr. Bhagani is entitled to recover an additional equal amount as liquidated damages.

## VIII. ATTORNEYS' FEES AND COSTS

67. Plaintiff seeks his attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## IX. JURY DEMAND

68. Plaintiff demands a jury trial on all issues that may be tried to a jury.

## X. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF ADIL BHAGHANI respectfully requests that upon hearing and trial, the Court will award Plaintiff a final judgment against Defendants Round Table Medical

Consultants, LLC; Signature Staffing Company, LLC; Hashibul Hannan, MD; Kanti Bansal, MD; and Aaron Braun, MD, jointly and severally, to include the following relief:

a. Declare that Defendants violated 29 U.S.C. §207 by failing to pay Mr. Bhaghani's overtime wages at one-and-one-half times his base pay for all hours worked in excess of 40 during each workweek falling within the 3-year look-back period;

b. Declare that Defendants breached the parties' contract;

c. Order Defendants to pay Mr. Bhaghani's unpaid overtime wages and the additional wages of $3.00 per patient he earned under the parties' contract;

d. Declare that Defendants' violations of the FLSA are willful under 29 U.S.C. §216(b);

e. Order Defendants to pay liquidated damages in an amount equal to the amount of his unpaid wages, including overtime wages;

f. Order Defendants to pay Mr. Bhaghani's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

g. Order Defendants to pay pre-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants;

h. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendants; and,

i. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to Mr. Bhaghani for all damages owed.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Email: aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Adil Bhaghani**